UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | CASE NO. 5:17CR81 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| Marcus D. Fleming, | ) | ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pending before the Court is Defendant Marcus D. Fleming's motion to disqualify the undersigned. Doc. 11. The Government has opposed the motion. The motion is DENIED.

Fleming was indicted on March 1, 2017 on one count of possession with intent to distribute more than 500 grams of cocaine. Fleming pled guilty to the sole count in the indictment pursuant to a plea agreement. Under the terms of the plea agreement, the parties recommended that Fleming receive the mandatory minimum for his conviction, 60 months incarceration. Fleming was sentenced by this Court on September 1, 2017. Prior to the start of the hearing, the Court provided both parties with an article from the online version of the Cleveland Plain Dealer. After the parties were given ample time to review the article, the hearing commenced. At the conclusion of the hearing, the Court varied upward from the advisory Guidelines and sentenced Fleming to 120 months incarceration.

Fleming appealed his sentenced, and the Sixth Circuit reversed this Court's judgment. The Sixth Circuit concluded that Fleming was not given a meaningful opportunity to test the material relied upon by the Court in an adversarial manner. Accordingly, the Sixth Circuit

1

remanded to this Court for resentencing.    At the same time, the Circuit rejected Fleming's request to have this matter reassigned to a different judge.

Following remand, the Court scheduled the resentencing hearing.  Fleming moved to continue that original date of August 30, 2018.   On August 30, 2018, the Court provided the parties formal notice of two different reports that the Court had previously reviewed.   As the prior appeal indicated that the Court had not provided adequate time for the parties to consider information, the Court allowed 14 days to address the reports in writing.   Based upon that time frame, the Court rescheduled the resentencing date.   On September 27, 2018 and October 2, 2018, the Court provided notice of additional materials that the Court had reviewed.   Again, the Court allowed for written, supplemental briefing on the materials.

Based upon the above, Fleming moved to disqualify the undersigned on October 23, 2018. The Government responded on November 28, 2018.   In the interim, the Court held a hearing at Fleming's request with respect to the nature of the materials the Court had supplied the parties. At that time, the Court noted that it did not intend to take judicial notice of any of the materials and did not intend to rely upon the media articles in any capacity during his sentencing.   The Court now resolves Fleming's remaining argument that recusal is required in this matter.

Under 28 U.S.C. § 455(a), a judge must disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." Under this provision, the judge need only recuse himself if "a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality." *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990). Because the standard is an objective one, "the judge need not recuse himself based on the subjective view of a party no matter how strongly that view is held." *Id*. (internal quotation marks

and citation omitted). Under §455(b)(1), a judge must disqualify himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."

> Section 455(a) has been termed the "'catchall' recusal provision, covering both 'interest and relationship' and 'bias and prejudice grounds." *Id.* at 548. Actual bias is not necessary; the appearance of bias is adequate to trigger recusal under § 455. The inquiry under § 455(a) is based on an objective standard. *Id.* Thus, the inquiry to be made is "whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits." *Hook v. McDade*, 89 F.3d 350, 354 (7th Cir.1996) (citation omitted). "The decision whether a judge's impartiality can 'reasonably be questioned' is to be made in light of the facts as they existed, and not as they were surmised or reported." *Cheney v. United States District Court for the District of Columbia*, 541 U.S. 913, 124 S.Ct. 1391, 1392 (2004) (quoting *Microsoft Corp. v. United States*, 530 U.S. 1301, 1302 (2000)). This inquiry is made based on a reasonable person standard, as opposed to "a hypersensitive or unduly suspicious person." *Hook*, 89 F.3d at 354 (citation omitted). Thus, trivial risks of perceived impartiality are insufficient to warrant recusal. *See Id.* The objective, reasonable person standard of § 455(a) is intended to promote public confidence in the impartiality of the judicial process. "In furthering the policy of public confidence in the impartiality of the judicial process, a court faced with a motion under § 455(a) must recuse itself where valid reasons are presented, and must not recuse itself where the proffered reasons are not valid." *New York City Housing Development Corp. v. Hart*, 796 F.2d 976, 981 (7th Cir. 1986); *see also United States v. Baskes*, 687 F.2d 165, 170 (7th Cir.1981) (*rev'd on other grounds*) ("A motion for recusal should not be granted lightly; a judge is under as much obligation not to recuse himself when facts do not show prejudice as he is to recuse himself if they do.").

*United States v. Peel*, 2006 WL 1388864, at *2 (S.D. Ill. May 18, 2006). Moreover, other courts have noted "that maintaining the purity of appearance is not worth the cost of giving litigants a negative veto power over the assignment of judges." *In re San Juan Dupont Plaza Hotel Fire Litig.*, 129 F.R.D. 409, 413 (D.P.R. 1989).

Initially, the Court would note:

> All the facts pointed out by counsel … emanate from this judge's legal research, pretrial publicity research, and his opinion writing. These cannot serve as the basis

> for a 28 U.S.C. secs. 144 and 455(b)(1) motion. Otherwise, any judge who
> consistently is seen by a party as favoring one side over another by his or her
> rulings could be easily disqualified.

*United States v. Pasciuti*, 803 F. Supp. 568, 571 (D.N.H. 1992). The same is true herein.

Fleming asserts over and again that the Court's research related to the opioid epidemic somehow

evidences a "predisposition" that the Court has with respect to sentencing. However, the

information provided by the Court is just that, information. It is factual data compiled by

numerous agencies. It does contain any particular slant, nor does it come from any agency with

an agenda or philosophy. As such, it is unclear how such data could be said to evidence the

Court's "predisposition."[1]

Similarly, it is unclear how the Court's request for additional information on Fleming's

prior conviction evidences some form of bias or partiality. The Court routinely requests such

information to better understand the history and characteristics of defendants, a factor the Court is

required to consider under 18 U.S.C. § 3553.

Fleming's motion to disqualify the undersigned demonstrates a fundamental

misunderstanding of the purpose of the Court's actions. There is little dispute that the country is

facing a drug epidemic stemming from opioid abuse. The prevalence of fentanyl-related

convictions and synthetic drugs have led to amendments of the sentencing guidelines as recently as

November of 2018. Based upon those facts, the Court has chosen to educate itself on any and all

aspects related to this epidemic. The Court has not gained this knowledge in order to hand down

harsh sentences without regard to specific offenses or offenders. Rather, the Court desired more

---

[1] The Court would note following the Sixth Circuit decision in this matter, it has filed notice and similar documents in numerous criminal matters involving drug trafficking. *See* Case Nos. 5:18CR406, 5:17CR91, and 4:18CR471.

knowledge to adequately assess each offender on an *individual* basis. The information was provided to counsel well in advance to now only satisfy due process, but to ensure the Court time to analyze the differing views that may be held from review of that same information.

As with his first sentencing, Fleming will begin his resentencing with a clean slate. The Court has not decided a sentence, and the Court has no predisposition toward sentencing in any capacity. As with all sentencings, the parties will be given a full opportunity to present information and argument on every aspect of Fleming's sentencing. It is only after that presentation has been completed and Fleming has been given the opportunity to address that the Court will analyze the totality of the information and form an opinion on the appropriate sentence.

In summary, a reasonable, objective observer would not question the Court's ability to be impartial during the resentencing in this matter. Accordingly, the motion to disqualify the undersigned is DENIED.[2]

IT IS SO ORDERED.


February 1, 2019                          */s/ John R. Adams*
Dated                                     JUDGE JOHN R. ADAMS
                                          United States District Judge

---

2 The Court would also note that the appeal in this matter focused upon the documents the Court provided to counsel prior to the first sentencing hearing. Counsel requested that the matter be reassigned, and the Sixth Circuit found that reassignment was not appropriate under the facts.