ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.    5:17CR81 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Judge John R. Adams |
| MARCUS D. FLEMING, | ) | |
| | ) | ORDER |
| Defendant. | ) | |
| | ) | |

Pending before the Court is Defendant Marcus Fleming's motion for compassionate release.   Doc. 86.   Upon review, the motion is DENIED.

Within the COVID-19 backdrop, the Sixth Circuit has recently explained this Court's duties and obligations when considering a motion for compassionate release.

> Sections 3582(c)(1)'s and (c)(2)'s parallel language and structure compel us to conclude that compassionate release hearings are sentence-modification proceedings and that courts considering motions filed under § 3582(c)(1) must follow a *Dillon*-style test. The three-step § 3582(c)(1)(A) test is as follows. At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i). At step two, a court must "find[ ]" whether "such a reduction is consistent with *applicable* policy statements issued by the Sentencing Commission." *Id*. § 3582(c)(1)(A) (emphasis added). The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. *See* U.S.S.G. § 1B1.13 (U.S. Sent'g Comm'n 2018). Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[ (1)(A) ] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020)(citations and footnotes omitted).

However, "[i]n cases where incarcerated persons file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Id.* at 1111.

Initially, the Court notes that Fleming has not satisfied his burden of demonstrating extraordinary and compelling circumstances.  Fleming contends that his underlying health conditions place him at a higher risk of death or serious illness should he contract COVID. Fleming notes that he has "hypertension; obstructive sleep apnea; high cholesterol; acid reflux; and high A1-C."  In its response, the Government notes that none of these conditions are noted by the CDC as being elevated risk factors related to COVID.  In reply, Fleming notes that "[w]hile that may be the case, the Government's argument ignores other relevant findings issued by the CDC."  Fleming effectively argues that because a vast majority of those experiencing significant effects from COVID have underlying health conditions that his combination of underlying health conditions places him at a higher risk.  Fleming may be correct that he is at a higher risk than a comparable inmate with no underlying health conditions at all.  However, such a finding does not meet his burden of demonstrating extraordinary and compelling circumstances.  With that said, the Court will still review the 3553(a) factors as they further support denial of the pending motion.

      I.      § 3553(a) Factors

         a.  Standard

As noted above, this Court may "not modify a term of imprisonment once it has been imposed" unless specifically authorized to do so by section 3582(c). This Court may grant compassionate release if, after considering the factors in 18 U.S.C. § 3553(a), it determines that

"extraordinary and compelling reasons" warrant a reduced sentence and that "such a reduction is

consistent with applicable policy statements issued by the sentencing commission." 18 U.S.C. §

3582(c)(1)(A)(i). For ease of reference, the § 3553 factors are as follows:

> (a) Factors to be considered in imposing a sentence.--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for—
>
> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—

18 U.S.C.A. § 3553.

The Sixth Circuit has noted that "District judges maintain an obligation to provide reasons"

when resolving motions for compassionate release.  *Jones*, 980 F.3d at 1112.

> We start by requiring a thorough factual record for our review: district courts must supply specific factual reasons, including but not limited to due consideration of the § 3553(a) factors, for its compassionate release decision. We look at the whole

3

record in sentence-modification proceedings, including the records from the original sentencing, records on the modification motion, and the final compassionate release decision.

*Id.* (citations, quotations, and alterations omitted).

        b.  Analysis

Flemings's motion focuses on several primary arguments to assert that the Court should utilize its discretion to grant him compassionate release.   Fleming first contends that he has been a model inmate by incurring no disciplinary infractions, completing numerous educational and vocational courses, and maintaining steady employment through the prison.   Fleming also asserts that he is not a risk to the community as his prior convictions occurred nearly a decade before his current conviction.

While the Court will consider Fleming's attempts to rehabilitate himself during his term of incarceration, Fleming has done nothing to address the Court's original concerns that were explained at the time of his sentencing:

> A significant sentence is also warranted to deter Fleming. As detailed above, prior encounters with the legal system have not deterred Fleming's conduct. Felony convictions in 1989 and 1991 did not deter Fleming from carrying a firearm in 1997 and 2000. A six-month sentence for Fleming's first drug-related crime in 1989 served as no deterrent as he engaged in another drug-related offense in 1990. While the 1990 conviction was minor, leading to only 3 days served in jail, it also had no deterrent effect. Fleming engaged in two more drug-related offenses in 1991 and received a one-year sentence. Fleming, however, still remained undeterred. In 2000, Fleming engaged in what was then his most serious offense to date and was convicted of felonious assault with a firearm specification. Specifically, Fleming shot a victim three times in the back and legs. For this conviction, Fleming was sentenced to seven years in prison.

4

Doc. 80 at 7.[1]  At the time of his sentencing, Fleming raised the same argument raised herein regarding his criminal history – namely that a gap between convictions warranted a finding that he *could* change his ways.  In addressing that argument, the Court noted: "Fleming, however, concedes that when financial problems arose, he returned to his criminal ways and immediately began trafficking in cocaine once again." Doc. 80 at 7-8.

As detailed above, a seven-year sentence imposed by the state court only served to temporarily deter Fleming from returning to criminal conduct.  He now asks this Court to reduce his current seven-year sentence by nearly a year.  For the all reasons stated above, the Court declines to do so.

While it is laudable that Fleming has not been a problematic inmate, his history of criminal conduct, including both violent and drug-related offenses, compels this Court to maintain its view that he must serve his originally imposed sentence to be deterred from future criminal conduct.

Based upon a review of the totality of the factors listed in § 3553(a), the Court hereby DENIES Fleming's motion for compassionate release along with both his supplements.

IT IS SO ORDERED.


March 24, 2021                                     /s/John R. Adams
Date                                               JOHN R. ADAMS
                                                   UNITED STATES DISTRICT JUDGE

---

1 The Court also noted during Fleming's sentencing that this was not simply a localized drug transaction.  Fleming engaged in conduct that led to the interstate transportation of a kilogram of cocaine from Detroit, Michigan to Ohio – yet another factor supporting the need for his current sentence to deter his future return to criminal activity.